IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                 No. 04-20242 B

CURTIS BYRD, JR.,

    Defendant.

---

ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION
REQUESTING THE MARSHAL TO SERVE OUT-OF-STATE WITNESS
AND PROVIDE TRANSPORTATION AND EXPENSES FOR SAID WITNESS

---

Before the Court is the November 2, 2005 motion of the Defendant, Curtis Byrd, requesting that the United States Marshal serve a subpoena upon an out-of-state witness, D'Shundra Jackson, and provide transportation and expenses incurred in connection with her travel from Georgia to Memphis for an appearance in this court on November 15, 2005. Specifically, Byrd seeks provision of airline travel as well as payment by the Marshal, in advance, of transportation expenses to and from the airport, per diem expenses, lodging expenses, "and any other incidental expenses incurred."

The issuance of subpoenas in criminal cases is governed by Rule 17 of the Federal Rules of Criminal Procedure. The Rule provides in part that, "[u]pon a defendant's ex parte application,[1] the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." Fed. R. Crim. P. 17(b). Relief under subsection (b) is not automatic. In determining whether to grant

---

[1] As the Defendant has failed to include in his motion a certificate of service reflecting that a copy of the motion was provided to the Government, the Court assumes Byrd moves under this provision of Rule 17.

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 11-8-05

relief under Rule 17(b), the district court is permitted wide discretion, which is "necessary to prevent abuses often attempted by defendants." See United States v. Moore, 917 F.2d 215, 230 (6th Cir. 1990), cert. denied, 499 U.S. 963, 111 S.Ct. 1590, 113 L.Ed.2d 654 (1991).

The language of the Rule mandates a preliminary showing that the Defendant is unable to pay and that the witness is necessary to an adequate defense. See Fed. R. Crim. P. 17(b); United States v. Reaves, No. 98-5754, 1999 WL 824833, at *3 (6th Cir. Oct. 5, 1999), cert. denied, 528 U.S. 1178, 120 S.Ct. 1213, 145 L.Ed.2d 1114 (2000); Moore, 917 F.2d at 230. The term "necessary" must "be read to mean relevant, material and useful to an adequate defense." Moore, 917 F.2d at 230. "A satisfactory showing of necessity requires that the defendant's averments be sufficiently specific"; generalities are insufficient to make out a satisfactory showing that the witness[ is] needed." Reaves, 1999 WL 824833 at *3 (citing United States v. Barker, 553 F.2d 1013, 1020-21 (6th Cir. 1977)) (internal quotation marks omitted).

Although the Defendant has made no such allegation in the instant motion, the Court will assume the inability to pay element exists based upon his qualification for appointed counsel. However, the Defendant has made no assertion, much less demonstrated, that Ms. Jackson is "necessary to an adequate defense." Absent the proper preliminary showing, the Court has no basis upon which to grant the payment of fees under subsection (b). Even if it chose to exercise its discretion, the amount of expenses and fees to be paid to a witness is not limitless; instead "the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas." Fed. R. Crim. P. 17(b); see also 28 U.S.C. §§ 1821, 1825.

For the reasons articulated herein, the Defendant's motion is DENIED without prejudice.

2

IT IS SO ORDERED this 7th day of November, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 70 in case 2:04-CR-20242 was distributed by fax, mail, or direct printing on November 8, 2005 to the parties listed.

---

William C. Anderson
ANDERSON LAW FIRM
369 N. Main St.
Memphis, TN 38103

Tracy Lynn Berry
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT